**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KEVIN SINGLETON, individually and on behalf of all others similarly situated, ) ) ) ) | |
| Plaintiff, ) ) | Case No. 1:15-cv-13115 |
| v. ) ) | **JURY TRIAL DEMANDED** |
| CITIZENS DISABILITY, LLC, a Massachusetts limited liability company, ) ) ) ) ) | |
| Defendant. ) | |

## CLASS ACTION COMPLAINT

Plaintiff Kevin Singleton ("Plaintiff") brings this Class Action Complaint against Defendant Citizens Disability, LLC ("Citizens Disability"), on behalf of himself and all others similarly situated, and complains and alleges upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## I.    NATURE OF THE ACTION

1.    Citizens Disability offers services to assist disabled persons apply for Social Security Disability. In an effort to market it services, Citizens Disability made (or directed to be made on its behalf) calls to the wireless telephones of Plaintiff and each of the members of the Class without prior express written consent[1] in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

---

[1] As of October 16, 2013, prior express **written** consent is required. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order (FCC Feb. 15, 2012) (amending 47 C.F.R. 64.1200(a)(2)).

2.      Neither Plaintiff nor the other Class members ever consented in writing, authorized, desired or permitted Citizens Disability to make calls to their wireless telephones.

3.      By making such unauthorized calls, Citizens Disability caused Plaintiff and each of the Class members actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited calls, and the monies paid to their wireless carriers for the receipt of such calls.

4.      In order to redress these injuries, Plaintiff seeks an injunction requiring Citizens Disability to cease all unsolicited calling activities, an award of statutory damages to the Class members under the TCPA, together with costs and reasonable attorneys' fees.

## II.     JURISDICTION AND VENUE

5.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States.

6.      This Court has personal jurisdiction over Citizens Disability under the Massachusetts Long-Arm Statute, Mass. Gen. Laws ch. 223A, §3, because Citizens Disability conducts and carries on business in this State.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Citizens Disability resides in this District.

## III.    PARTIES

*Plaintiff*

8.      Plaintiff Kevin Singleton is an individual domiciled in Los Angeles, California.

*Defendant*

9.      Defendant Citizens Disability is a limited liability company organized in and existing under the laws of the State of Massachusetts with its principal place of business located at 1075 Main Street, 4th Floor, Waltham, MA 02451.

10.     Citizens Disability operates the website http://www.citizensdisability.com.

## IV.    FACTUAL BACKGROUND

11.     Companies have employed advanced technologies that make it easier to market their products and services. According to a recent report examining class actions under the TCPA in the Northern District of Illinois:

> ***Autodialers (also known as robocalls) automatically deliver a prerecorded message to a list of telephone numbers, and thus remove the need for human representatives***. These predictive dialers were developed to find better pacing (scheduling of dialing attempts) by collecting and analyzing data on the proportion of call attempts that are answered, durations of time from call initiation to answer, and durations of service. The technology was designed to minimize both the time that telemarketers must spend waiting between conversations and amount of abandoned calls experienced by consumers.[2]

12.     Recently, the Federal Communications Commission issued a Declaratory Ruling that further acknowledged the "costly" and "particularly intrusive" nature of robocalls, stating

---

[2] Institute for Consumer Antitrust Studies, Loyola University Chicago School of Law, THE TELEPHONE CONSUMER PROTECTION ACT OF 1991: ADAPTING CONSUMER PROTECTION TO CHANGING TECHNOLOGY 7 (Fall 2013) (emphasis added). The report "was made possible through a cy pres distribution from a class action involving the TCPA in the Northern District of Illinois under the supervision of Senior Judge William Hart and Magistrate Judge Morton Denlow." *Id.* at 2.

that "Month after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by the Commission."[3]

13.     At all relevant times, Plaintiff was the subscriber of the wireless telephone number ending in 7391.

14.     Starting in or around January 2015, Plaintiff received numerous calls to his wireless telephone from Citizens Disability.

15.     On at least one occasion, Plaintiff's caller identification system listed the calling number as (800) 798-3638.

16.     When Plaintiff answered, he was greeted with a prerecorded message asking if he knows someone over the age of 55.

17.     Citizens Disability's prerecorded message also directs the recipient of the call to call (213) 712-9162.

18.     Upon calling (213) 712-9162, Plaintiff was presented another prerecorded message stating, "Welcome to Citizens Disability."

19.     The message provided Plaintiff with an option to stop receiving calls from Citizens Disability.

20.     On at least one occasion, Plaintiff elected the do not call option.

21.      Nevertheless, Citizens Disability continued to call Plaintiff.

22.     Citizens Disability offers services to enroll persons to receive social security disability benefits for a fee.

---

[3] *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Declaratory Ruling and Order*, CG Docket No. 02-278, ¶1 (FCC July 10, 2015).

23.     Citizens Disability continues to make calls to Plaintiff and the Class in order to solicit them to use its services.

24.     On information and belief, Citizens Disability has made and continues to make phone calls to Plaintiff's and the Class members' wireless phones without prior express written consent as part of its advertising campaign.

25.     Citizens Disability made or had made on its behalf, the same or substantially the same calls *en masse* to a list of thousands of wireless telephone numbers or randomly generated phone numbers.

26.     On information and belief, Citizens Disability made these calls to Plaintiff and the Class members using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

27.     Plaintiff and the Class members never consented to, requested, or otherwise desired or permitted Citizens Disability to call their wireless phones.

## V.    CLASS ALLEGATIONS

28.     Plaintiff brings this action, as set forth below, on behalf of himself and as a class action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

> All individuals in the United States who received one or more phone calls without prior express written consent of the called party from or on behalf of Defendant Citizens Disability, LLC placed by an automatic telephone dialing service or by an artificial or prerecorded voice (the "Class").

Excluded from the Class are Citizens Disability and its subsidiaries and affiliates; all persons who make a timely election to be excluded from the Class; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

29.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

30.     **Numerosity – Federal Rule of Civil Procedure 23(a)(1).**  The members of the Class are so numerous that individual joinder of all Class members is impracticable. On information and belief, there are thousands of consumers who have been damaged by Citizens Disability's wrongful conduct as alleged herein. The precise number of Class members and their addresses is presently unknown to Plaintiff, but may be ascertained from Citizens Disability's books and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

31.     **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).**  This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

    a.    whether the equipment Citizens Disability (or someone on Citizens Disability's behalf) used to make the calls in question was an automatic telephone dialing system as contemplated by the TCPA;

    b.    the manner in which Citizens Disability obtained the phone numbers of Plaintiff and the Class;

    c.    whether Citizens Disability's conduct constitutes a violation of the TCPA;

    d.    whether Plaintiff and the Class are entitled to actual, statutory, or other forms of damages, and other monetary relief and, in what amount(s);

    e.    whether Plaintiff and the Class are entitled to treble damages based on the willfulness of Citizens Disability's conduct; and

    f.    whether Plaintiff and the Class are entitled to equitable relief, including but not limited to injunctive relief and restitution.

32.     **Typicality – Federal Rule of Civil Procedure 23(a)(3).**  Plaintiff's claims are typical of the other Class members' claims because, among other things, all Class members were comparably injured through the uniform prohibited conduct described above.

33.     **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the other Class members he seeks to represent; he has retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiff intends to prosecute this action vigorously. The Plaintiff and his counsel will fairly and adequately protect the interests of the Class members.

34.     **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Citizens Disability has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to Class as a whole.

35.     **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Citizens Disability, so it would be impracticable for Class members to individually seek redress for Citizens Disability's wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management

-7-

difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## VI.   CLAIM ALLEGED

### COUNT I
### Violation of the TCPA, 47 U.S.C. § 227
### (On behalf of the Class)

36.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

37.     Citizens Disability and/or its agents made phone calls to the wireless telephone numbers of Plaintiff and the other Class members *en masse* without their prior express consent.

38.      Citizens Disability made the calls, or had them sent on its behalf, using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

39.     Citizens Disability utilized equipment that made the calls to Plaintiff's and other Class members' wireless telephones simultaneously and without human intervention.

40.     Citizens Disability made the calls, or had them sent on its behalf, using an artificial and/or prerecorded voice.

41.     By making the calls to Plaintiff and the Class, Citizens Disability has violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Citizens Disability's unlawful conduct, the Class members suffered actual damages in the form of monies paid to receive the calls on their wireless phones and under section 227(b)(3)(B) are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

42.     Should the Court determine that Citizens Disability's conduct was willful or knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other Class members.

## VII.     JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

## VIII.     REQUEST FOR RELIEF

WHEREFORE, Plaintiff Kevin Singleton, individually and on behalf of the Class, requests that the Court enter an Order as follows:

A.     Certifying the Class as defined above, appointing Plaintiff Kevin Singleton as the representative of the Class, and appointing his counsel as Class Counsel;

B.     Awarding of actual or statutory damages;

C.     Requiring Citizens Disability to cease all wireless phone call activities initiated without prior express written consent, and otherwise protecting the interests of the Class;

D.     Awarding of reasonable attorneys' fees and costs; and

E.     Awarding such other and further relief that the Court deems reasonable and just.

Dated: August 9, 2015

Respectfully submitted,

KEVIN SINGLETON,
individually and on behalf of all
others similarly situated

By: /s/ Alexander Shapoval, Esq.

Joseph J. Siprut*
*jsiprut@siprut.com*
Ismael T. Salam*
*isalam@siprut.com*
SIPRUT PC
17 North State Street
Suite 1600
Chicago, Illinois 60602
Phone: 312.236.0000
Fax: 312.241.1260

Alexander Shapoval
*ashapoval@siprut.com*
BBO#654543
SIPRUT PC
84 Winnisimmet Street
Chelsea, MA 02150
Phone: 617.889.5800
Fax: 617.409.9994

Tina Wolfson*
*twolfson@ahdootwolfson.com*
AHDOOT & WOLFSON, P.C.
1016 Palm Avenue
West Hollywood, California 90069
310.474.9111
Fax: 310.474.8585

*Pro hac vice* application
forthcoming

*Counsel for Plaintiff*
*and the Proposed Putative Class*

4835-3646-3397, v. 2